AERONAUTICS COMMISSION EMPLOYEES SALARY CHANGE Pursuant to the provisions of House Joint Resolution 1020, First Session, Thirty-third Legislature, no employees of the Aeronautics Commission are eligible to receive a merit raise in conjunction with the cost of living raise except those employees who have a change in the type of duties to be performed or are in Step 3 of Grade 17, or lower, in the Merit System of Personnel Administration Salary Schedule. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May the Oklahoma Aeronautics Commission lawfully compensate its salaried employees with a merit raise in conjunction with the prescribed cost of living raise provided in House Joint Resolution 1020, First Session, Thirty-third Legislature? We refer you to Attorney General Opinion 71-332 wherein House Joint Resolution 1020 was construed. There the Attorney General said: "It is clear that the legislative intent in enacting House Joint Resolution 1020 is to allow a cost of living increase to all State employees except those whose salaries are prescribed by law. It is also clear that the Legislature intended that the cost of living increase and the adjustment of salaries outlined in Section 1B of the resolution be the total pay increases authorized for State employees subsequent to the passage of House Joint Resolution 1020 through June 30, 1972. "By excepting those State employees whose salaries are prescribed by law from a cost of living increase the Legislature, having already expressed their intent regarding those salaries by prescribing them in other enactments, obviously intended that House Joint Resolution 1020 not apply to those whose salaries are prescribed by law. "Therefore, statutory provisions which authoritatively give direction to State employees salaries are inclusive in prescribing said salaries within the meaning and intent of House Joint Resolution 1020." Following the construction of the resolution as set forth in Attorney General Opinion 71-332, the Oklahoma Aeronautics Commission is required to grant a cost of living increase effective July 1, 1971, to all employees whose salaries are not prescribed by law. Section three of the Resolution provides: "The cost of living increase outlined in Section 1A and Section 2, and the adjustment of salaries outlined in Section 1B, above, are intended to be the total pay increases authorized for a state employee subject to the passage of this Joint Resolution through June 30, 1972. The restriction on pay increases will not pertain wherein there is a change in type of duties performed, nor shall the restriction apply to employees in Step 3 of Grade 17, or lower, in the Merit System of Personnel Administration Salary Schedule." Only those employees, receiving a cost of living increase, who have a change in type of duties performed or are in Step 3 of Grade 17, or lower, as provided in Section three of the Resolution, would be entitled to a merit raise in addition to the cost of living raise. Those employees whose salaries are prescribed by law do not come within the purview of House Joint Resolution 1020. Title 74 O.S. 285 [74-285] (1971), prescribes the salary of the Director of the Aeronautics Commission as Fourteen Thousand Dollars per annum. Title 74 O.S. 283 [74-283] (1971), provides: "The amount of salary as fixed by any statute, heretofore or hereafter enacted, creating positions or fixing salaries for positions of any officer or employee of the State of Oklahoma, except as limited by Article XXIII, Section 10 of the Constitution of the State of Oklahoma, shall be and it is intended by the Legislature to be the maximum salary which each of the respective officers or employees shall receive or be entitled to receive; and none of such salaries, nor any part of any such salary shall constitute a valid claim against the State of Oklahoma in excess of the amount or amounts specifically appropriated therefor." Although the salary of the Director of the Aeronautics Commission is prescribed by law, he cannot receive a merit raise because he is receiving the maximum the law allows. No other employees of the Aeronautics Commission have salaries that are prescribed by law, and they would, therefore, be entitled to a cost of living increase but not a merit raise, except as provided in Section three of the Resolution. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to the provisions of House Joint Resolution 1020, First Session, Thirty-third Legislature, no employees of the Aeronautics Commission are eligible to receive a merit raise in conjunction with the cost of living raise except those employees who have a change in the type of duties to be performed or are in Step 3 of Grade 17, or lower, in the Merit System of Personnel Administration Salary Schedule. (Mike D. Martin)